UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

VICTORIA OROZCO, K.A., A minor by her M/N/G,
VICTORIA OROZCO, DEVIN RODRIGUEZ, and
EPHRAIM TAYLOR,

                                 Plaintiffs,

        -against-

CITY OF NEW YORK, SALVATOR IMPROTA Individually, and
JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                 Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

      Plaintiffs VICTORIA OROZCO, K.A., A minor by her M/N/G, VICTORIA OROZCO, DEVIN RODRIGUEZ, and EPHRAIM TAYLOR, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

### **Preliminary Statement**

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert supplemental state law claims.

### **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff VICTORIA OROZCO is a forty-eight-year-old female residing in Staten Island, New York.

7.      Plaintiff K.A. is a thirteen-year-old female residing in Staten Island, New York.

8.      Plaintiff DEVIN RODRIGUEZ is a twenty-seven-year-old man residing in Staten Island, New York.

9.      Plaintiff EPHRAIM TAYLOR is a twenty-seven-year-old man residing in Staten Island, New York.

10.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12.     That at all times hereinafter mentioned, the individually named defendants, SALVATOR IMPROTA, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants

2

or police officers of said department and were acting under the supervision of said department and according to their official duties.

13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

15.     On December 21, 2019, beginning at approximately 2:30 a.m., plaintiffs VICTORIA OROZCO, K.A., DEVIN RODRIGUEZ, and EPHRAIM TAYLOR were present inside of 16 Doe Place, Staten Island, New York, when defendant NYPD officers including, but not limited to, defendant SALVATOR IMPROTA entered said location, and assaulted, battered, and/or unlawfully arrested plaintiffs, and took and/or damaged property located therein.

16.     Plaintiffs OROZCO, K.A., and RODRIGUEZ were residents of 16 Doe Place.

17.     Plaintiff TAYLOR was an overnight guest.

18.     On the aforesaid date and time, plaintiff OROZCO was present in the living room of her home when she became aware of the presence of the defendant officers outside and voluntarily opened her front door.

19.     As soon as plaintiff OROZCO opened the door, a defendant officer wrapped his arm around plaintiff's neck and unreasonably threw her down the stairs.

20.     Plaintiff was caught by another officer, but otherwise would have hit the hard

pavement.

21.     Plaintiff was subsequently kept outside in the cold for approximately fifteen minutes, wearing only a robe and socks.

22.     Plaintiff was thereafter given her coat and shoes and then handcuffed and taken to the 120th Precinct, without justification or probable cause.

23.     During this time, defendant officers entered 16 Doe Place and proceeded to detain and arrest plaintiffs K.A., RODRIGUEZ, and TAYLOR.

24.     Plaintiff K.A. was sleeping when the defendant officers entered the house.  A defendant officer wielding a police shield entered the room plaintiff K.A. was sleeping in and unreasonably woke K.A. by striking her in the right leg with his shield, resulting in bruising and pain to K.A.'s leg.

25.     K.A. was then made to sit on the floor in the living room.

26.     Plaintiff RODRIGUEZ was sleeping on a couch in said location when he was awoken by the defendant officers, placed in over tight handcuffs, and thereafter made to sit on the floor in the living room.

27.     While in the living room, plaintiff RODRIGUEZ asked that his handcuffs be loosened and told the defendant officers his right hand was becoming numb and cold, and that he had had surgery on that arm previously.  Plaintiff's complaints were disregarded and nothing was done to adjust his handcuffs.

28.     Plaintiff TAYLOR was also asleep when the defendant officers entered.

29.     Plaintiff TAYLOR was woken up by the defendant officers, placed in handcuffs, and made to kneel in the living room for an extended period of time before being allowed to sit down on the floor.

4

30.     Eventually plaintiffs K.A., RODRIGUEZ, and TAYLOR were taken out of the house, placed in police vehicles, and transported to the NYPD 120th Police Precinct.

31.     While at the 120th Precinct, plaintiff OROZCO was imprisoned for nearly the entire time in a room located therein.  While in the room, plaintiff remained rear handcuffed for an unreasonably long amount of time.

32.     Eventually, after OROZCO complained that the handcuffs were too tight and were causing her pain, one handcuff was removed from one of plaintiff's wrists and handcuffed to a table.

33.     When plaintiff K.A. arrived at the precinct, she was placed in the room with her mother, plaintiff OROZCO, and was detained along with her mother until her release.

34.     Plaintiffs RODRIGUEZ and TAYLOR were each imprisoned in a cell at the 120th Police Precinct.  Plaintiffs RODRIGUEZ and TAYLOR were also interrogated.

35.     Defendants imprisoned and falsely arrested plaintiffs without probable cause.

36.     At approximately 10:00 a.m., on December 21, 2019, plaintiffs were all released without any charges being lodged against them.

37.     After plaintiffs were released, they returned to 16 Doe Place and were met by NYPD officers who informed plaintiffs they could not enter the home.

38.     As a result plaintiffs OROZCO, K.A., and RODRIGUEZ were deprived of their home and all items located therein, including without limitation, items such as their wallets, identification, and money, and in the case of K.A. and RODRIGUEZ, their cell phones.  Plaintiff RODRIGEUZ was also deprived of his motor vehicle for approximately one week.

39.     Plaintiff TAYLOR was deprived of his wallet, cell phone and car, insofar as his car keys and said items were inside the home, and the police would not permit him to enter to

retrieve any of his belongings.

40.     Further, two dogs that belonged to the residents of 16 Doe Place were removed from the home and placed in a shelter.  Once the resident plaintiffs regained custody of their dogs, they learned that one of the dogs had sustained an injury to his mouth while in the custody of the defendants, including having teeth knocked out.  The dog was also neutered and a microchip was also placed in her without plaintiffs' consent while in the custody of the shelter.

41.     After approximately three days, plaintiffs were finally allowed entry back into the home.

42.     Plaintiffs RODRIGUEZ and TAYLOR returned to the home first and observed that property within the home had been destroyed and a personal photo of plaintiff OROZCO had been posted to the refrigerator.

43.     Once plaintiffs were allowed to return to the home, plaintiff TAYLOR regained custody of his wallet and car keys, however, his cell phone was confiscated by defendants and has not been returned to him.

44.     Defendants also confiscated K.A. and RODRIGEUZ's cell phones from the home, as well as other electronics belonging to OROZCO, including without limitation, a laptop, a desktop computer, a play station, and Ring home security cameras.  These items have also not been returned.

45.     Additionally, defendants lodged an unfounded report with the Administration of Child Services regarding K.A., resulting in an investigation being commenced against plaintiff OROZCO.  The complaint was closed without any finding of wrongdoing.

46.     Defendants IMPROTA and JOHN and JANE DOE 1 through 10 participated in or were present or otherwise aware of the incident and yet failed to intervene despite a meaningful

6

opportunity to do so, or supervised and participated in the illegal conduct described herein.

47.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals during search warrant executions despite the absence of probable cause to arrest, and a custom or practice of unreasonably damaging and/or interfering with and/or converting personal property of subjects of warrant executions without any lawful basis.

48.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the probable cause required to arrest individuals and falsify information to support such arrests, and that personal property is frequently needlessly damaged and/or destroyed in such situations.

49.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

50.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

7

YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

51.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

52.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individually Named Defendants)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

60.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

61.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named Defendants)

62.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs OROZCO, K.A., and RODRIGUEZ's constitutional rights.

64.     As a result of the aforementioned conduct of defendants, plaintiffs OROZCO, K.A., and RODRIGUEZ were subjected to excessive force and sustained physical injuries.

65.     As a result of the foregoing, plaintiffs OROZCO, K.A., and RODRIGUEZ are

entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named Defendants)

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants had an affirmative duty to intervene on behalf of plaintiffs whose constitutional rights were being violated in their presence by other officers.

68.     The defendants failed to intervene to prevent the unlawful conduct described herein.

69.     As a result of the foregoing, plaintiffs were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

70.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individually Named Defendants)

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The supervisory defendants personally caused plaintiffs constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

73.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

74.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to arresting individuals without probable cause during the execution of search warrants.

77.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

81.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were detained, subjected were imprisoned without probable cause.

82.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs constitutional rights.

83.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right: To be free from seizure and arrest not based upon probable cause.

84.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

87.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

88.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

90.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York against All Defendants)

91.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants arrested plaintiffs without probable cause.

93.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

94.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

95.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

96.     The individually named defendants caused the wrongful arrests of plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

97.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against All Defendants)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

100.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.    The individually named defendants assaulted plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

102.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Defendants made offensive contact with plaintiffs without privilege or consent.

105.    As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106.    The individually named defendants battered plaintiffs.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

107.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Trespass to Chattels/Conversion Under the Laws of the State of New York Against All Defendants)

108.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Defendants intentionally and wrongfully interfered with plaintiffs' property, when they wrongfully deprived plaintiff of their property, some of which was destroyed, or has not been returned.

110.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' misconduct under the doctrine of *respondeat superior*.

111.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

114.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

118.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against All Defendants)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.    As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs VICTORIA OROZCO, K.A., DEVIN RODRIGUEZ, and EPHRAIM TAYLOR demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        March 21, 2021

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     _Brett Klein_____
        BRETT H. KLEIN (BK4744)

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

VICTORIA OROZCO, K.A., A minor by her M/N/G,
VICTORIA OROZCO, DEVIN RODRIGUEZ, and
EPHRAIM TAYLOR,

                                        Plaintiffs,

                                                                        Docket No.

                -against-

CITY OF NEW YORK, SALVATOR IMPROTA Individually, and
JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132